UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DASHON HINES,

                                    Plaintiff,

   v.

                                                                1:20-CV-517

NEW YORK STATE DEPARTMENT                    (DNH/ATB)
OF LABOR STAFF,

                                   Defendants.

---

DASHON HINES, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    The Clerk has sent to me for initial review, another pro se complaint, submitted by plaintiff Dashon Hines. (Complaint ("Compl.")) (Dkt. No. 1). Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

**I.**    **IFP Application**

    Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). Upon close review of the document, this court finds that plaintiff may not have completed the application properly. Plaintiff claims that in the past 12 months, he has not received income from any of the five listed sources on the form. (Dkt. No. 2, ¶ 3). However, in *Hines v. TopShelf Management*, No. 5:20-CV-505 (MAD/ATB), plaintiff alleged that, until March 19, 2020, he was employed, and presumably was getting paid for his employment. (Dkt. No. 1 in 20-CV-505). Thus, to say that he has received no money from any sources for the past twelve months is clearly incorrect. In addition, in various of his other lawsuits, he is complaining about money that he

received or money that was deposited in his bank account.[1] Thus, plaintiff's IFP is likely incorrect, either intentionally or because of a misunderstanding of the information requested by the form.[2] Thus, it is unclear whether plaintiff meets the financial criteria for proceeding IFP. However, because plaintiff is currently unemployed and he is receiving public assistance benefits, the court will determine for purposes of this Order and Report-Recommendation, that plaintiff meets the financial criteria for proceeding IFP.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has

---

[1] *See Hines v. IRS*, No. 5:20-CV-469 (IRS deposited money into plaintiff's bank account); *Hines v. Erie County Dep't of Soc. Services*, No. 1:20-CV-536 (DSS awarded plaintiff public assistance and SNAP benefits).

[2] The plaintiff's previous IFP applications all suffered from some problem in the completion of the form, but this court has not yet been required to address the issue because all of plaintiff's previous lawsuits have been transferred to the Western District of New York, without consideration of the merits of plaintiff's IFP application.

a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.   Complaint

Plaintiff has filed this action on a form utilized for claims under 42 U.S.C. § 1983, which provides for a cause of action alleging that plaintiff's federal constitutional rights have been violated by a person acting under color of state law. (Complaint ("Compl.")) (Dkt. No. 1). In his statement of facts, plaintiff states that on March 20, 2020, the New York State Department of Labor ("DOL") Staff refused to process his DOL claim. (Complaint ("Compl.") ¶ 4) (Dkt. No. 1). Plaintiff repeats this statement verbatim in his First Cause of Action. (Compl. ¶ 5). In his request for relief, plaintiff asks that plaintiff's DOL Unemployment Insurance claim "be issued to Dashon

Hines." (Compl. ¶ 6).

Plaintiff has attached exhibits to his complaint, consisting of what appears to be either all, or part of an online application for Unemployment Insurance benefits, based on plaintiff's former employment at Top Shelf Management, LLC, a company located in Buffalo, New York. (Compl. at 6).[3]

### III. Venue

#### A. Legal Standards

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought.  28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990);

---

[3] Plaintiff has not numbered the pages of his exhibits, and therefore, this court will cite to the page numbers as assigned by the court's electronic filing system ("CM/ECF").

4

*Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); Kelly v. Kelly, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations marks omitted).

When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g.*, *Flaherty*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 WL 1891212, at *1.

### B.     Application
#### 1.     Transfer

The court has considered transferring this action because it is well-aware that plaintiff resides in the Western District of New York and likely filed this case in the Northern District of New York because he is attempting to avoid a bar order in the Western District. However, because plaintiff has named the DOL in Albany, and because plaintiff apparently applied for benefits online, rather than transferring this action, I will conduct the initial review, assuming that venue is appropriate in the Northern District of New York.

**2.    Merits**

In this case, plaintiff has named the DOL "Staff" as a defendant.[4] Plaintiff has listed the defendant's address as a location in Albany, New York. (Compl. ¶ 3(a)). Plaintiff claims that he applied for unemployment insurance on March 20, 2020, but the defendant failed to process the application. From what this court can interpret,[5] plaintiff's claim is that a representative of the DOL failed to contact plaintiff about his claim within 72 hours, as promised on the website.[6] (Compl. at 7). Another document attached to plaintiff's complaint indicates that on May 1, 2020, he submitted an "Unemployment Insurance Technical Help Form," stating that he needed to speak with an "investigator" to complete his claim and requesting that an investigator call him back. (Compl. at 10).

In *David v. Commissioner of Labor*, No. 91 Civ. 7987, 1992 WL 25200 (S.D.N.Y. Jan. 31, 1992), plaintiff sued, inter alia, the Commissioner of Labor for an injunction, awarding him unemployment insurance benefits. The court dismissed the action for failure to state a claim. *Id.* The court recognized that plaintiff's right to be considered for unemployment benefits could not be deprived without due process, that

---

[4] Plaintiff does not specify any particular individual or individuals as the "staff." Plaintiff applied for his benefits online and would be unlikely to know who was processing his application. Thus, this court will refer to the defendant in the singular.

[5] The court must interpret pro se complaints to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[6] The court notes that the date on the online application "receipt" that plaintiff has provided is April 10, 2020, not March 20, 2020. (Compl. at 7).

exhaustion of state remedies was not required before bringing a section 1983 claim, and that administrative delay might in some cases give rise to a due process violation. *Id.* at *1-2 (citations omitted). However, the court dismissed the action, after finding that the plaintiff was being heard in the administrative proceeding, his challenge was to the result of the proceedings, rather than the procedure employed, and his complaint failed to disclose any "unreasonable delay" in the procedure. *Id.*

Plaintiff in this action has not proceeded very far in his application. According to the documents attached to his complaint, he applied for benefits on April 10, 2020, and submitted an online request to the DOL for assistance on May 1, 2020. Plaintiff states that the DOL "refused" to consider his application. However, there is absolutely no basis for plaintiff's statement, given the short time that has elapsed since his submission to the agency and the unprecedented number of claims for unemployment filed in New York as a result of the ongoing COVID-19 pandemic.[7] Although plaintiff may be able to challenge the procedure used in the DOL,[8] he may not, as he has in this complaint, simply request that the court grant him benefits. In addition, plaintiff has

---

[7] In this case, it is generally known that the COVID-19 shutdown has resulted in the unemployment of many individuals in New York, potentially overloading the system. The court may take judicial notice of facts regarding the COVID-19 pandemic that are generally known within the court's jurisdiction. *See, e.g., Basank v. Decker*, No. 20 CIV. 2518, 2020 WL 1953847, at *7 (S.D.N.Y. Apr. 23, 2020) ("The Court takes judicial notice that COVID-19 causes severe medical complications and has increased lethality amongst people of advanced age, and those with underlying health problems, or both.") (collecting cases).

[8] *See e.g. Moore v. Ross*, 502 F. Supp. 503 (S.D.N.Y. 1980), *aff'd*, 687 F.2d 604 (2d Cir. 1982), *cert. denied*, 459 U.S. 1115 (1983) (action brought challenging constitutionality of procedures employed by New York State Unemployment Insurance Appeal Board). The challenge was brought to the procedures employed by the Appeal Board, not to the individual results of cases. In *Moore*, the District Court distinguished between cases in which the intrinsic procedure of the agency was challenged, with cases challenging the substantiality of the evidence supporting the agency's decision, which would be the responsibility of the state forum. 502 F. Supp. at 552-53.

not shown an "unreasonable" delay, sufficient to state a due process claim.

As it is written, plaintiff's complaint does not state a claim and borders on the frivolous. Plaintiff appears to claim that he did not get the agency's response as quickly as the website required, and thus asks the court to grant plaintiff his unemployment insurance benefits. Plaintiff does not allege that he made any other attempts to contact the DOL. Thus, even though venue is arguably proper in this action, I will recommend dismissal without prejudice for failure to state a claim.

## IV. <u>Opportunity to Amend</u>

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

As stated above, plaintiff may not request that this court issue a decision granting him benefits. At best, he may try to claim some sort of due process violation based on an alleged delay in the administrative process. However, he has not done so in the existing complaint. Although the court is doubtful that plaintiff can amend his complaint to state a claim because he has failed to even allow the agency the opportunity to consider his claim, the court will recommend dismissal without prejudice

to allowing plaintiff to amend his complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application for IFP (Dkt. No. 2) be **GRANTED FOR PURPOSES OF THIS ORDER AND REPORT-RECOMMENDATION ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)**, and it is

**RECOMMENDED**, that if the court adopts this recommendation, plaintiff be given **THIRTY (30) DAYS WITHIN WHICH TO AMEND HIS COMPLAINT**, and if plaintiff files a proposed amended complaint within the time provided or within any time extended by the court, the proposed amended complaint be sent to me for further review, and it is

**RECOMMENDED**, that if the court adopts this recommendation and plaintiff fails to submit a proposed amended complaint within the allotted time or any time extended by the court, the complaint be dismissed without prejudice, but without the opportunity for amendment, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO**

9

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 18, 2020

*[signature: Andrew T. Baxter]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge