UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DASHON HINES,

                        Plaintiff,

   -v-                                  1:20-CV-517
                                         (DNH/ATB)

NEW YORK STATE DEPARTMENT OF
LABOR STAFF,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

DASHON HINES
Plaintiff pro se
1629 Elmwood Avenue
Apartment # 14
Buffalo, NY 14207

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Pro se plaintiff Dashon Hines brought this alleged civil rights action on May 7, 2020. On May 18, 2020, the Honorable Andrew T. Baxter, United States Magistrate Judge advised by Order and Report-Recommendation that plaintiff's complaint be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but that he be given thirty (30) days within which to amend his complaint. On May 20, 2020, this Court received from plaintiff a form civil rights complaint dated and signed May 6, 2020, which was docketed as an amended complaint. ECF No. 4. Plaintiff thereafter filed an amended

motion for leave to proceed in forma pauperis, ECF No. 5, and objections to the Order and Report-Recommendation, ECF No. 6.[1]

Based upon a de novo review of the portions[2] of the Order and Report-Recommendation to which plaintiff objected, the Order and Report-Recommendation is accepted and adopted in all respects.  *See* 28 U.S.C. § 636(b)(1).

A review of plaintiff's amended complaint and accompanying submissions pursuant to 28 U.S.C. § 1915(e) affirms that his claim, on these facts, is not viable.  The amended complaint differs from the original pleading in that it states "ON MAY 6, 2020, THE NEW YORK STATE DEPARTMENT OF LABOR STAFF ISSUED AN UNEMPLOYMENT BENEFIT TOTAL OF $5,174.00."  Am. Compl. ¶¶ 4, 5.  The amended complaint includes exhibits showing the New York State Department of Labor did in fact grant unemployment benefits to plaintiff.

With his amended complaint, plaintiff has also included copies of decisions in four different civil actions filed within this District, in this year alone, but provides no explanation for their relevance.  *See Hines v. IRS*, No. 5:20-CV-469; *Hines v. TopShelf Mgmt.*, No. 5:20-CV-505; *Hines v. N.Y.S. Office of Temp. & Disability Assistance Staff*, No. 1:20-CV-506;

---

[1] It is also noted that on June 4, 2020, plaintiff emailed five attachments to the Northern District of New York's Jury Administration Office email address, Jury@nynd.uscourts.gov.  Plaintiff is reminded that in accordance with the Federal Rules of Civil Procedure, N.D.N.Y. Local Rule 5.1, and the N.D.N.Y. Pro Se Handbook, Chapter VI, C, pro se litigants must either deliver documents to the Clerk of the Court in person, or send documents in the mail.  Filings are not accepted by email.

[2] According to plaintiff's submission, he objects to "**The ENTIRE Report and Recommendation**."  ECF No. 6 (emphasis in original).

*Hines v. Bryant & Stratton Coll.*, No. 5:20-CV-507.  Each of those cases have been transferred to the Western District of New York.³

As Judge Baxter opined in his Order and Report-Recommendation, "[a]s it is written, plaintiff's complaint does not state a claim and borders on the frivolous."  ECF No. 3, 8.  The amended complaint is no different.  If anything, it is even more confusing because plaintiff acknowledges that defendant did, in fact, issue him unemployment benefits, the very failure of which plaintiff complained of in his initial complaint.  In his objections, plaintiff confirms that defendant granted his claim for unemployment benefits but asserts that they have not been issued to his bank of choice.  He again claims unreasonable delay in the issuance of benefits, but his own documentation shows that benefits were granted to him on May 6, 2020, effective as of March 9, 2020.  Plaintiff does not allege that he made any further attempts to contact defendant regarding the bank deposit issue, and he has not shown an "unreasonable delay" sufficient to state a due process claim.  *See, e.g.*, *David v. Comm'r of Labor*, No. 91 Civ. 7987, 1992 WL 25200 (S.D.N.Y. Jan. 31, 1992).

Generally, when the court dismisses a pro se complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).  Plaintiff's amended complaint

---

³ Though not included in his submissions, plaintiff recently filed an additional civil action, which was also transferred to the Western District of New York.  *See Hines v. Erie County Dep't of Soc. Servs.*, No.1:20-CV-536.

fails to cure the deficiencies in his initial complaint identified by Judge Baxter. Based on plaintiff's submissions, the court is doubtful that he can amend his complaint to state a claim, and he has already been permitted an opportunity to do so once. Accordingly, plaintiff's amended complaint will be dismissed, without prejudice, and without the opportunity for amendment.

There is no need to consider plaintiff's amended motion for leave to proceed in forma pauperis and that motion will be denied as moot.

Therefore, it is

ORDERED that

1. Plaintiff's amended complaint, ECF No. 4, is DISMISSED in its entirety without prejudice and without the opportunity for amendment;

2. Plaintiff's amended motion for leave to proceed in forma pauperis, ECF No. 5, is DENIED as moot; and

3. The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 5, 2020,
       Utica, New York.